UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER SMTH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  1:23-cv-00314-JDL |
| | ) |
| PENOBSCOT COUNTY JAIL, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 3.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's filings, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that when he shaves his face with an ordinary razor he is "predisposed to bumps and ingrown hairs." (Attachment to Complaint at 1, ECF No. 1-1.) On July 12, 2023, Plaintiff submitted a medical request for placement on a list of inmates

at the Penobscot Count Jail to use an electric trimmer.  His request was approved the next day.

Plaintiff then asked Defendant Wasson, a corrections officer with the Penobscot County Jail, for an electric trimmer and told her that he does not use ordinary razors.  After checking with her superiors, Defendants Morrin and Luna, Defendant Wasson told Plaintiff that the electric trimmers were reserved for certain prisoners given special responsibilities and privileges.  Plaintiff explained that ordinary razors are harmful to his skin, informed Defendant Wasson that he had been medically cleared to use an electric razor, and asked whether the other inmates' special "privilege outweighs my right as a black man?"  (*Id*. at 2.)  Defendant Wasson allegedly replied, "I'm afraid so." (*Id*.) When Plaintiff and another nearby inmate expressed surprise and dissatisfaction with the response, according to Plaintiff, Defendant Wasson said, "Hey, my nephew is black." (*Id*.) Plaintiff asked for a grievance form.  Defendant Wasson retrieved the form for him and said she would sign it, but she left and did not return that day to sign the form.

That same day, Plaintiff was told he was going to be transferred, but because he also had an unrelated health issue, he was returned to his unit. When Defendant Wasson subsequently returned to work, she seemed upset when she observed Plaintiff.

## LEGAL STANDARD

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim

2

on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This

is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Petitioner's allegations regarding Defendants' disregard of the effect of an ordinary razor on his skin arguably raises a deliberate indifference claim. The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish constitutional liability, a plaintiff must satisfy an objective standard by showing that he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

The objective standard evaluates the seriousness of the risk of harm. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*,

645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)).  The subjective standard concerns the culpability of the defendant. Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).  The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Plaintiff has not alleged facts that would satisfy either the objective or subjective prongs of the analysis.  Courts have generally considered pseudofolliculitis barbae, or shaving irritation claims more broadly, to lack the requisite severity to generate a constitutional claim.  *See James v. Ramirez*, 304 F. App'x 349, 351 (5th Cir. 2009); *Jackson v. CSO Chavez*, 141 F.3d 1176 (9th Cir. 1998); *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986); *Pew v. Little*, No. CV 22-1488, 2023 WL 3455613, at *2 (E.D. Pa. May 12, 2023).  Some courts have concluded that ignoring an extreme pattern of shaving-related skin irritation or infection necessitating individualized treatment or prescription from a medical provider can offend the constitution, *see Sykes v. Thompson*, No. 2:03CV585, 2004 WL 3258268, at *2 (E.D. Va. Nov. 30, 2004) (discussing *Monroe v. Bombard*, 422 F. Supp. 211 (D.N.Y., 1976)), but Plaintiff has not alleged enough facts to plausibly establish those circumstances here.

For instance, Plaintiff does not describe the severity of effects on his skin of using an ordinary razor or other means, and Plaintiff does not allege that Defendants required him to shave.  Furthermore, although Plaintiff asserts that he was approved for an electric

razor by a medical employee, Plaintiff does not allege that a medical professional examined him, made a diagnosis of a condition requiring treatment, or made any individualized determination about the effect on his skin of using a standard razor.  Finally, while Plaintiff alleges that he explained to Defendants that he could not use an ordinary razor because it would cause some discomfort or irritation, he has not alleged facts from which one could plausibly infer that Defendants made a "wanton" decision not to provide him with an electric trimmer or razor.  *Feeney*, 464 F.3d at 162.  Plaintiff, therefore, has not alleged an actionable deliberate indifference claim.

Because he suggests that Defendants' actions were racially motivated, Plaintiff also arguably attempts to assert an equal protection claim.  The Equal Protection Clause of the Fourteenth Amendment prohibits racial discrimination.  *Aponte-Ramos v. Alvarez-Rubio*, 783 F.3d 905, 908 (1st Cir. 2015).  To establish a claim, a plaintiff must show that a defendant's conduct was motivated by "racially discriminatory intent or purpose."  *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).  "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available."  *Id.* at 266.  Plaintiff must "tender competent evidence that a state actor intentionally discriminated against [him] because [he] belonged to a protected class."  *Alexis v. McDonald's Rest. of Mass.*, Inc., 67 F.3d 341, 354 (1st Cir. 1995).  Plaintiff does not allege facts from which a fact finder could plausibly infer that jail officials withheld resources based on his race rather than for other administrative reasons.

To the extent that Plaintiff seeks to base his claim on Defendant Wasson's statements, including her apparent attempt to deny racial bias, Plaintiff's claim fails. "The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 WL 1430013, at *4 (D. Me. Apr. 11, 2016) (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)); s*ee also Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"). As this Court noted in *Lapomarda v. Skibinski*, No. 9-377-P-H, 2009 WL 4884500 (D. Me. Dec. 10, 2009), "'[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.'" *Id*. at *3 n.2 (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (abrogated on other grounds)).

If Plaintiff intended to plead a first amendment retaliation claim because he alleged that jail officials attempted to transfer him as punishment for initiating the grievance process, Plaintiff's claim also fails. "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

7

"Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Powell v. Alexander*, 391 F.3d 1, 16–17 (1st Cir. 2004). "To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quotation omitted).

The allegations regarding retaliatory animus "are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," and the claims are therefore properly dismissed. *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). The allegation that Defendant Wasson reacted unpleasantly after seeing him after he filed a grievance is insufficient to support the inference that she conspired to transfer him as punishment for the grievance.

Finally, to the extent Plaintiff intended to assert a claim, such as a due process claim, based on Defendants' handling of his administrative grievance process, Plaintiff's claim is not actionable. *See Leavitt v. Allen*, 46 F.3d 1114 (1st Cir. 1995) ("prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures").

Overall, Plaintiff does not allege enough facts to move any of his possible legal claims "across the line from conceivable to plausible" entitlement to relief. *Twombly*, 550 U.S. at 570.

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of October, 2023.