**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **CHRISTOPHER SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 1:23-cv-00314-JDL** |
| ) | |
| **PENOBSCOT COUNTY JAIL et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE**
**MAGISTRATE JUDGE**

Plaintiff Christopher Smith, proceeding pro se, filed a complaint (ECF No. 1) under 42 U.S.C.A. § 1983 (West 2023) against the Penobscot County Jail and several individuals alleging misconduct arising from his request to use an electric facial hair trimmer that would not irritate his skin after receiving medical approval for the same. The complaint does not identify specific claims. Instead, it alleges broadly that the Defendants violated Smith's rights by denying his request and offering him a razor without an electric trimmer attachment. The complaint also recounts a discussion between Smith and Defendant Corrections Officer Tracie Wasson in which Smith inquired whether the privilege reserved for some inmates to use an electric trimmer "'outwiegh[s] [sic] my right as a black man.'" ECF No. 1-1 at 2. The complaint alleges further that after Smith filed a grievance about the denial, the Defendants unlawfully retaliated by attempting to transfer Smith elsewhere, which failed because Smith's medical condition prevented the transfer.

Smith moved to proceed *in forma pauperis* (ECF No. 2), and I referred that motion to Magistrate Judge John C. Nivison, pursuant to 28 U.S.C.A. § 636(b)(1)(A) (West 2023) and Fed. R. Civ. P. 72(a).  Judge Nivison granted Smith's motion (ECF No. 3) and proceeded to preliminarily review the complaint in accordance with 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(a) (West 2023).

On October 17, 2023, Judge Nivison recommended dismissing the complaint for failure to state actionable claims for deliberate indifference, equal protection, unlawful retaliation, and procedural due process (ECF No. 10).  Smith objects (ECF No. 11) to the Recommended Decision for failing to accurately recount his full conversation with Defendant Wasson.  He argues that Defendant Wasson's comments, viewed in full context, "were nothing short of racist and bias[ed]."  ECF No. 11 at 1.  Because Smith objects,[1] I review the Recommended Decision de novo. *See* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1]  Smith also generally opposes the Recommended Decision to dismiss the complaint for depriving him of an opportunity to further articulate his claims and provide supporting documentation to the court.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*

at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.*  Courts must be mindful

of the challenges faced by pro se litigants and construe their pleadings liberally.

*Vieira v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (citing *Erickson v. Pardus*, 551

U.S. 89, 94 (2007)).  Still, such liberal construction stops short of reading a complaint

to include claims that have not actually been presented.  *Id.*; *see also McDonald v.

Hall*, 610 F.2d 16, 19 (1st Cir. 1979) ("Our duty to be 'less stringent' with pro se

complaints does not require us to conjure up unpled allegations." (quoting *Hurney v.

Carver*, 602 F.2d 993, 995 (1st Cir. 1979))).

Section 1983 "'is not itself a source of substantive rights,' but merely provides

'a method for vindicating rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S.

386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To

maintain a claim under section 1983, a plaintiff must show that the challenged

conduct (1) is attributable to a person acting under color of state law, and (2) deprived

the plaintiff of rights, privileges, or immunities secured by the Constitution or laws

of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other

grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  The plaintiff must also plead

that a causal connection existed between the state action and the alleged deprivation

of a protected right.  *Alston v. Spiegel*, 988 F.3d 564, 574 (1st Cir. 2021).  When using

section 1983 as a vehicle to vindicate perceived rights under the Equal Protection

Clause of the Fourteenth Amendment, a party "must allege facts indicating that,

3

compared with others similarly situated, he was selectively treated based on an impermissible consideration"—in this case, race. *Id.* at 574–75.

Turning to Smith's specific objection—that the Recommended Decision gives "an inaccurate account of the events" underlying his claims, ECF No. 11 at 1—the complaint pleads, in pertinent part, the following:

> I asked [Corrections Officer Tracie Wasson] for the blue [electric] trimmers as I had an upcoming court date. When Officer Wasson returned to my cell she had a yellow razor that did not include the face trimmers[.] I told her I could not use those and she stated she would go back and talk to her superiors . . . Sgt[.] Michael Morrin and Cpr[.] Jessica Luna. I handed Officer Wasson my slip of approval by the medical provider and she went to check again. When Officer Wasson returned she told me that she had been informed that the blue [electric] trimmer[s] were a priviledge [sic] reserved for the trustees. I tried explaining to Officer Wasson that razors are harmful to my skin as a black man and that I was medically cleared and had a right to use the trimmers. Officer Wasson's response was "Well that priviledge outwieghs [sic] that right[.]" I was shocked, mortified, angered and hurt by this statement[.] I said to Officer Wasson "Are you telling me that priviledge outwieghs [sic] my right as a black man[?]"[.] [H]er response was "I'm afraid so." . . . [B]efore I could say anything else Officer Wasson added "Hey, my nephew is black."

ECF No. 1-1 at 1–2. Because Smith's objection casts the Defendants' alleged misconduct as "a deliberate act of racism and a violation of [his] constitutional rights," ECF No. 11 at 2, the gravamen of his complaint is racial discrimination and I focus my review on whether the complaint adequately states a claim for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. 28 U.S.C.A. § 636(b)(1).

Even when the allegations are viewed in full context, taken as true, and liberally construed, the complaint fails to state an equal protection claim. The complaint's principal deficiency is that Smith does not claim he was denied access to

an electric trimmer *because* of his race.  Smith does allege that his exchanges with Defendant Wasson included discussion of his "right as a black man" after he was denied the trimmer.  But that allegation neither shows that Smith's race factored into the denial decision nor supports a reasonable inference of the same.  Further, the complaint lacks any allegation that Smith was treated differently than other similarly situated individuals.  Though the complaint credits Defendant Wasson as having stated that electric "trimmer[s] were a privilege reserved for trustees," ECF No. 1-1 at 1, Smith does not allege that fact himself, explain who comprises the "trustees," or argue that the "trustees" are similarly situated to him.

In sum, after reviewing de novo the portion of the Recommended Decision to which Smith objects, I concur with the Magistrate Judge's recommendations and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (ECF No. 10) is hereby **ACCEPTED**, and the complaint (ECF No. 1) is **DISMISSED** with prejudice.

**SO ORDERED.**

**Dated this 10th day of January, 2024.**

_____/s/ Jon D. Levy_____
**CHIEF U.S. DISTRICT JUDGE**